1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Christina C. Tillman, #258627
   7647 North Fresno Street
3  Fresno, California 93720
   Telephone:    (559) 433-1300
4  Facsimile:    (559) 433-2300

5  Attorneys for Defendant B & B TRANSPORT,
   INC.

6

7

8                    UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  BRUCE WILLIAM BALLINGER, an           District Court Case No.
    individual, on behalf of himself and others
12  similarly situated,                   Sup. Court Case No. 22STCV34391

13           Plaintiff,                   **NOTICE OF REMOVAL OF ACTION
                                          UNDER 28 U.S.C. §1332 [CLASS ACTION**
14       v.                               **FAIRNESS ACT]**

15  B & B TRANSPORT, INC.; and DOES 1
    through 50, inclusive,                Action Filed:    October 26, 2022
16
             Defendants.
17

18       TO THE CLERK OF THE COURT; ALL PARTIES AND THEIR ATTORNEYS OF

19  RECORD:

20       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, the Class Action Fairness Act

21  (CAFA), Defendant, B & B TRANSPORT, INC. ("B & B" or "Defendant"), by and through its

22  counsel of record, McCormick, Barstow, Sheppard, Wayte & Carruth, LLP, hereby gives notice of

23  removal of the above-entitled action from Superior Court of the State of California, County of Los

24  Angeles, Case No. 22STCV34391, to the United States District Court for the Eastern District of

25  California and further states as follows.

26                            **THE REMOVED CASE**

27       The removed case is a civil action and was originally filed on October 26, 2022, in the

28  Superior Court of the State of California, County of Los Angeles, Central District, having been

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

assigned Civil Case No. 22STCV34391, captioned: "*Bruce William Ballinger v. B & B Transport, Inc., and Does 1-50*" ("State Court Action"). A copy of Plaintiff's Complaint is attached hereto as Exhibit "1".   A copy of Defendant's Answer is attached hereto as Exhibit "3".

## STATEMENT OF JURISDICTION

The Class Action Fairness Act, 28 U.S.C. § 1332, vests this federal district court with original subject matter jurisdiction because the amount placed in controversy by the claims in in the complaint exceed $5 million, there are over 100 class members, and because there is diversity of citizenship  between Plaintiff, who is a resident of Arizona, and Defendant, which is a California Corporation.

## THERE ARE AT LEAST 100 CLASS MEMBERS

The proposed class is defined as:  "All truck drivers who are employed or have been employed by B & B Transport, Inc., in the State of California who worked one or more pay periods since four (4) years prior to filing of this action to the present." Exhibit "1", Complaint at ¶26.  As defined, the putative class consists of nearly 1,000 current and former employees. Exhibit "2", Declaration of Christina C. Tillman,  at ¶2; 28 U.S.C. § 1332(d)(5)(B).

## THE AMOUNT IN CONTROVERSY EXCEEDS $ 5 MILLION DOLLARS

Under 28 U.S.C. § 1332(d)(2), "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6).

Under CAFA, where the putative class's claimed damages are not alleged in the complaint, a removing defendant need only allege in its notice of removal that the amount in controversy requirement is met. *Harris v. KM Industrial, Inc*., 980 F.3d 694, 699 (9th Cir. 2020).  "When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332

675 (5th Cir. 2003); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ["[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy"].  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In this action, Plaintiff alleges the following:

> On a regular and consistent basis, Plaintiff and the Proposed Class members were not paid at the proper rate of compensation. Plaintiff and other Proposed Class were not properly compensated for all hours worked because Defendant fails to pay Plaintiff and the Proposed Class for each and every hour worked. Plaintiff and the Proposed Class routinely work "off the clock" fueling, loading and unloading items from their truck during their working shifts. Plaintiff and Proposed Class arrived ten minutes early before their scheduled shifts to inspect their trucks and conduct oil changes. Plaintiff and Proposed Class also conducted inspections after their scheduled shifts, while off the clock. Plaintiff and the Proposed Class are not paid any wages for this time even though Plaintiff and Proposed Class are performing compensable activities. As a result, Plaintiff and all Proposed Class were not properly compensated for all hours worked at the beginning, during and the end of their shifts.  [Exhibit "1", Complaint at ¶ 22.]

> The Complaint further alleges that "on a regular and consistent basis, Defendant has failed to reimburse Plaintiff and Proposed Class the cost of using their personal cell phones and protective gear for business related purposes. Defendant required that Plaintiff and the Proposed Class be available by cell phone, use their cell phones to navigate while driving, and answer their cell phones while working, and this was necessary to perform their job duties. Plaintiff and Proposed Class were also required to purchase equipment such as protective gear, and this was necessary to perform their job duties. These cell phones and protective equipment were not provided by Defendant, and Defendant failed to reimburse Plaintiff and the Proposed Class for the costs associated with using these personal cell phones and protective gear.  [Ex. "1", Complaint at ¶ 23.]

> On a regular and consistent basis, Defendant engaged in a practice of failing to provide accurate itemized wage statements showing all applicable hourly rates in effect during the pay period, the piece rate units paid, and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code §§ 226(a)(2), (3), and (9). [Ex. "1", Complaint at ¶ 24.]

> On a regular and consistent basis, Plaintiff and the Proposed Class were subject to deductions from their wages by Defendant. By making these deductions from Plaintiff and the Proposed Class's earned wages, Defendant failed to pay Plaintiff and the Proposed Class all wages, in violation of Labor Code § 221. [Ex. "1", Complaint at ¶ 25.]

The putative class is, at this time, 964 individuals and of those, 839 have separated employment. Exhibit "2", Tillman Dec. ¶2. The total number of workweeks exceeds 36,000; and putative class members were paid on a weekly basis. Exhibit "2", Tillman Dec. ¶2, 4.  Based on the claims alleged and the size of the putative class, by a preponderance of the evidence, and with all categories of damages and claims alleged taken into account including attorneys' fees, the Complaint alleges an amount in controversy in excess of $ 5,000,000. Exhibit "2", Tillman Dec. ¶1-6; 28 U.S.C. § 1332(d)(6).

### MINIMAL DIVERSITY REQUIREMENT IS MET

Under 28 U.S.C. § 1332(d)(2)(A), CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction-that is, at least one purported class member must be a citizen of a state different than any named defendant. 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant"). A party's citizenship is determined at the time the lawsuit was filed. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008).

The complaint alleges that Plaintiff is a resident of the state of Arizona. Ex. "1", p. 4, ¶ 12. The  complaint alleges that Defendant, B & B, is a California corporation with its principal place of business in Fresno, California and at all times relevant to this matter doing business in the State of California.  Ex. "1" at p.4, ¶16. Therefore, the minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

### REMOVAL IS TIMELY

This action was commenced on October 26, 2022. Defendant was served on November 14, 2022. *See* Ex. B. Therefore, this Notice of Removal is timely filed within 30 days after the acceptance of service of the Complaint.

### FILING REMOVAL PAPERS

Written notice of the removal of this action has been provided to Plaintiff and a copy of this Notice of Removal will be filed with the Superior Court of the State of California, County of Los Angeles.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

4
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332

1      WHEREFORE, Defendant B&B, hereby removes the above-captioned action from the

2  Superior Court of the State of California, County of Los Angeles, and requests that further

3  proceedings be conducted in this Court as provided by law.

4

5  Dated:  December 14, 2022                    McCORMICK, BARSTOW, SHEPPARD,
                                                WAYTE & CARRUTH LLP
6

7

8  By: _____

9                    Christina C. Tillman
            Attorneys for Defendant B & B TRANSPORT, INC.

10  037090-000013 8803807.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2022 04:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini,Deputy Clerk

Case 1:22-cv-01607-KES-HBK   Document 1    Filed 12/15/22    Page 7 of 31

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** B & B TRANSPORT, INC.; and DOES 1 thru 50, inclusive
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** BRUCE WILLIAM BALLINGER, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* on behalf of himself and others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of the State of California
*(El nombre y dirección de la corte es):* for the County of Los Angeles - Stanley
111 N. Hill Street
Los Angeles, CA 90012
Mosk Courthouse

CASE NUMBER:
*(Número del Caso):* 22STCV34391

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: KINGSLEY & KINGSLEY, APC
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* ERIC B. KINGSLEY, Esq. (SBN 185123) eric@kingsleykingsley.com; LIANE KATZENSTEIN LY, Esq. (SBN 259230) liane@kingsleykingsley.com; JESSICA BULAON, Esq. (SBN 340749) jessi@kingsleykingsley.com; 16133 Ventura Blvd., Suite 1200, Encino, CA 91436, Tel: (818) 990-8300, Fax (818) 990-2903

DATE: 10/26/2022
*(Fecha)*
Clerk, by Sherri R. Carter Executive Officer / Clerk of Court, Deputy
*(Secretario)*    G. Carini    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2022 04:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Carini, Deputy Clerk

**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq. (SBN 185123)
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, Esq., (SBN 259230)
liane@kingsleykingsley.com
JESSICA BULAON, Esq., (SBN 340749)
jessi@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel: (818) 990-8300, Fax (818) 990-2903

EMIL DAVTYAN, Esq. (SBN-299363)
emil@davtyanlaw.com
**DAVTYAN LAW FIRM, INC.**
880 E. Broadway
Glendale, CA 91205
Tel: (818) 875-2008, Fax: (818) 722-3974

Attorneys for Plaintiff and the proposed class

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BRUCE WILLIAM BALLINGER, an individual, on behalf of himself and others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>B & B TRANSPORT, INC.; and DOES 1 thru 50, inclusive,<br><br>DEFENDANTS. | CASE NO. 22STCV34391<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure to Reimburse Expenses Pursuant to Labor Code § 2802<br>2. Violation of Labor Code § 226(a)<br>3. Violation of Labor Code § 221<br>4. Violation of Business & Professions Code § 17200 |

CLASS ACTION COMPLAINT

Plaintiff BRUCE WILLIAM BALLINGER, an individual, on behalf of himself, all others similarly situated, complains of Defendant B & B TRANSPORT, INC. ("Defendant") and each of them, as follows:

## I.

## INTRODUCTION

1.     This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiff and a Proposed Class defined as:

> All truck drivers who are employed or have been employed by B & B Transport, Inc., in the State of California who worked one or more pay periods since four (4) years prior to the filing of this action to the present. ("Proposed Class")

2.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendant has failed to reimburse Plaintiff and Proposed Class the cost of using their personal cell phones and protective gear for business related purposes. Defendant required that Plaintiff and the 9Proposed Class be available by cell phone, use their cell phones to navigate while driving, and answer their cell phones while working, and this was necessary to perform their job duties. Plaintiff and Proposed Class were also required to purchase equipment such as protective gear, and this was necessary to perform their job duties. These cell phones and protective equipment were not provided by Defendant, and Defendant failed to reimburse Plaintiff and the Proposed Class for the costs associated with using these personal cell phones and protective gear.

3.     For at least one (1) year prior to the filing of this action continuing to the present, Defendant has failed to comply with Industrial Welfare Commission ("IWC") Wage Order 9-2001 and Labor Code § 226(a) by failing to provide accurate itemized wage statements showing all applicable hourly rates in effect during the pay period, the piece rate units paid, and the corresponding number of hours worked at each hourly rate by the employee.

4.     For at least four (4) years prior to the filing of this action continuing to the present, Defendant has violated Labor Code § 221. Plaintiff and the Proposed Class were subject to deductions from their wages by Defendant. By making these deductions from Plaintiff and the Proposed Class's earned wages, Defendant failed to pay Plaintiff and the Proposed Class all wages.

CLASS ACTION COMPLAINT

5.    For at least three (3) years prior to the filing of this action continuing to the present, Defendant has failed to pay all wages due at the time of termination or resignation to Plaintiff and the Proposed Class.

6.    Plaintiff, on behalf of himself and all Proposed Class members brings this action pursuant to Labor Code §§ 221, 226(a), and 2802; Wage Order 9-2001; and California Code of Regulations, Title 8, Section 11090, seeking unpaid wages/overtime, unreimbursed expenses, accurate itemized wage statements, unlawful deductions, and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

7.    Plaintiff, on behalf of himself and all Proposed Class members, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

**II.**

**JURISDICTION AND VENUE**

8.    This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

9.    This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of Los Angeles and the State of California through their acts, and by their violation of the California Labor Code, California state common law, and California Business & Professions Code § 17200, *et seq.*

10.    Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendant operates within California and does business within Los Angeles County. The unlawful acts alleged herein have a direct effect on Plaintiff and all Proposed Class members within the State of California and the county of Los Angeles.

11.    This case should be classified as complex according to Rule 3.400 of the California Rules of Court, and assigned to a complex litigation judge and department, as it will involve

1  substantial documentary evidence, a large number of witnesses, and is likely to involve extensive

2  motion practice raising difficult or novel issues that will be time-consuming to resolve and would

3  require substantial post judgment judicial supervision.

### III.

### PARTIES

#### A.    PLAINTIFF

12.    Plaintiff BRUCE WILLIAM BALLINGER is a resident of Arizona.

13.    Plaintiff and all Proposed Class members, were regularly required to:

     a.    Work without being paid for all hours worked;

     b.    Work without being reimbursed for their out of pocket expenses;

     c.    Work without Defendant issuing accurate wage statements; and,

     d.    Work without being paid all wages as a result of unlawful deductions.

14.    Defendant willfully failed to compensate Plaintiff and all Proposed Class members for wages at the termination of their employment with Defendant.

15.    As a result of this conduct, Defendant has engaged in unfair competition and unlawful business practices.

#### B.    DEFENDANTS

16.    Defendant B & B TRANSPORT, INC. is believed to be a California corporation operating within the State of California. Defendant's corporate address is believed to be 4263 E North Ave, Fresno, CA 93725. Upon information and belief, Defendant employed Plaintiff and similarly situated persons as hourly employees within California. Defendant has done and does business throughout the State of California, including Los Angeles, Bakersfield, Modesto, and Fresno.

17.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred

to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

18.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Proposed Class members.

19.    Furthermore, Defendants acted in all respects as the employers or joint employers of the Proposed Class. Defendants, and each of them, exercised control over the wages, hours or working conditions of the Proposed Class, or suffered or permitted the Proposed Class to work, or engaged, thereby creating a common law employment relationship, with the Proposed Class. Therefore, Defendants, and each of them, employed or jointly employed the Proposed Class.

## IV.

## FACTUAL BACKGROUND

20.    Plaintiff and the Proposed Class are, and at all times pertinent hereto, have been classified as non-exempt employees by Defendant. Defendant hires employees who work as hourly employees who are paid on an hourly basis and also earn compensation on a piece-rate basis.

21.    Upon information and belief, Plaintiff and the Proposed Class are covered by California Industrial Welfare Commission Occupational Wage Order No. 9-2001 (Title 8 Cal. Code of Regs. § 11090).

22.    On a regular and consistent basis, Plaintiff and the Proposed Class members were not paid at the proper rate of compensation. Plaintiff and other Proposed Class were not properly compensated for all hours worked because Defendant fails to pay Plaintiff and the Proposed Class for each and every hour worked. Plaintiff and the Proposed Class routinely work "off the clock" fueling, loading and unloading items from their truck during their working shifts. Plaintiff and Proposed Class arrived ten minutes early before their scheduled shifts to inspect their trucks and conduct oil changes. Plaintiff and Proposed Class also conducted inspections after their scheduled

shifts, while off the clock. Plaintiff and the Proposed Class are not paid any wages for this time even though Plaintiff and Proposed Class are performing compensable activities. As a result, Plaintiff and all Proposed Class were not properly compensated for all hours worked at the beginning, during and the end of their shifts

23.    On a regular and consistent basis, Defendant has failed to reimburse Plaintiff and Proposed Class the cost of using their personal cell phones and protective gear for business related purposes. Defendant required that Plaintiff and the Proposed Class be available by cell phone, use their cell phones to navigate while driving, and answer their cell phones while working, and this was necessary to perform their job duties. Plaintiff and Proposed Class were also required to purchase equipment such as protective gear, and this was necessary to perform their job duties. These cell phones and protective equipment were not provided by Defendant, and Defendant failed to reimburse Plaintiff and the Proposed Class for the costs associated with using these personal cell phones and protective gear.

24.    On a regular and consistent basis, Defendant engaged in a practice of failing to provide accurate itemized wage statements showing all applicable hourly rates in effect during the pay period, the piece rate units paid, and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code §§ 226(a)(2), (3), and (9).

25.    On a regular and consistent basis, Plaintiff and the Proposed Class were subject to deductions from their wages by Defendant. By making these deductions from Plaintiff and the Proposed Class's earned wages, Defendant failed to pay Plaintiff and the Proposed Class all wages, in violation of Labor Code § 221.

## V.

## CLASS ACTION ALLEGATIONS

26.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to § 382 of the Code of Civil Procedure. Plaintiff seeks to represent a proposed class composed of and defined as follows:

> All truck drivers who are employed or have been employed by B & B Transport, Inc., in the State of California who worked one or more pay periods since four (4) years prior to the filing of this action to

6

the present.  ("Proposed Class")

27.    Plaintiff reserves the right under Rule 3.765(b) of the California Rules of Court to amend or modify the class description with greater specificity, by division into subclasses, or by limitation to particular issues.

28.    This action has been brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the Proposed Classes are easily ascertainable.

**A.    NUMEROSITY**

29.    The potential members of the Proposed Class as defined are so numerous that joinder of all the members of the Proposed Class is impracticable.  While the precise number of proposed Class members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employ, and during the relevant time periods employed over 50 members of the Proposed Class.

30.    Plaintiff alleges that Defendant's employment records would provide information as to the number and location of all Proposed Class members.  Joinder of all members of the Proposed Class is not practicable.

**B.    COMMONALITY**

31.    There are questions of law and fact common to the Proposed Class that predominate over any questions affecting only individual Proposed Class members.  These common questions of law and fact include, without limitation:

a.    Whether Defendant violated Labor Code § 2802 and/or Wage Order 9-2001 or other applicable IWC Wage Orders by failing to reimburse out of pocket expenses for the cost of cell phones and protective equipment;

b.    Whether Defendant violated Labor Code § 226(a) and Wage Order 9-2001 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, Section 11090 by failing to provide accurate itemized wage statements;

c.    Whether Defendant violated Labor Code § 221 by deducting Plaintiff and the Proposed Class's earned wages;

7

1            d.      Whether Defendant violated Labor Code § 17200, *et seq.* of the Business &

2    Professions Code by engaging in the acts previously alleged; and

3            e.      Whether Plaintiff and the members of the Proposed Class are entitled to

4    equitable relief pursuant to Business & Professions Code § 17200, *et seq.*

5    **C.**    **TYPICALITY**

6        32.    The claims of Plaintiff are typical of the claims of the Proposed Class.  Plaintiff and

7    all members of the Proposed Class sustained injuries and damages arising out of and caused by

8    Defendant's common course of conduct in violation of laws, regulations that have the force and

9    effect of law, and statutes as alleged herein.

10    **D.**    **ADEQUACY OF REPRESENTATION**

11        33.    Plaintiff will fairly and adequately represent and protect the interests of the

12    members of the Proposed Class.

13        34.    Counsel who represents Plaintiff and the Proposed Class are competent and

14    experienced in litigating large employment class actions.

15    **E.**    **SUPERIORITY OF CLASS ACTION**

16        35.    A class action is superior to other available means for the fair and efficient

17    adjudication of this controversy. Individual joinder of all Proposed Class members is not

18    practicable, and questions of law and fact common to the Proposed Class predominate over any

19    questions affecting only individual members of the Proposed Class.  Each member of the Proposed

20    Class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or

21    practice of failing to pay all wages due, failing to reimburse expenses, failing to provide accurate

22    itemized wage statements, and failing to pay all wages upon resignation or termination.

23        36.    Class action treatment will allow those similarly situated persons to litigate their

24    claims in the manner that is most efficient and economical for the parties and the judicial system.

25    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

26    action that would preclude its maintenance as a class action.

27    ///

28    ///

## VI.

## FIRST CAUSE OF ACTION

## PLAINTIFF ON BEHALF OF HIMSELF AND THE PROPOSED CLASS

## FAILURE TO REIMBURSE EXPENSES PURSUANT TO

## LABOR CODE § 2802

37.    Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

38.    Labor Code § 2802 provides that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

39.    Defendant has failed to reimburse Plaintiff and Proposed Class the cost of using their personal cell phones and protective gear for business related purposes. Defendant required that Plaintiff and the Proposed Class be available by cell phone, use their cell phones to navigate while driving, and answer their cell phones while working, and this was necessary to perform their job duties. Plaintiff and Proposed Class were also required to purchase equipment such as protective gear, and this was necessary to perform their job duties. These cell phones and protective equipment were not provided by Defendant, and Defendant failed to reimburse Plaintiff and the Proposed Class for the costs associated with using these personal cell phones and protective gear.

40.    As a result of the unlawful acts of Defendants, Plaintiff and the Proposed Class have been deprived of reimbursement in the amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

///

///

///

///

9

## VII.

### SECOND CAUSE OF ACTION

### PLAINTIFF ON BEHALF OF HIMSELF AND THE PROPOSED CLASS

### VIOLATION OF LABOR CODE § 226(A)

41.    Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

42.    California Labor Code § 226(a) requires employers to issue wage statements that accurately report total hours worked, show the number of piece-rate units earned, and accurately report appropriate rates of pay and the corresponding number of hours worked at each hourly rate. (Labor Code §§ 226(a)(2), (3), and (9).)

43.    As a result of the claims alleged above, Defendant engaged in a practice of failing to provide accurate itemized wage statements in violation of Labor Code § 226(a) which requires that every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, an accurate itemized statement in writing showing all applicable hourly rates in effect during the pay period, the piece rate units paid, and the corresponding number of hours worked at each hourly rate by the employee.

44.    Labor Code §226(a)(2) requires that every employer shall semimonthly or at the time of each payment of wages, furnish each of his or her employees, an accurate itemized statement in writing showing the total hours worked by the employee.  Plaintiff and the Proposed Class are issued wage statements that do not include the total hours worked by the employee.  Also, Defendant issued to Plaintiff and the Proposed Class itemized wage statements that did not include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, in violation of Labor Code § 226(a)(9).  The itemized wage statements provided to Plaintiff and the Proposed Class did not include the hours worked at each hourly rate.

45.    Additionally, Labor Code §226(a)(3) requires that every employer shall semimonthly or at the time of each payment of wages, furnish each of his or her employees, an accurate itemized statement in writing showing the number of piece-rate units earned and any

applicable piece rate if the employee is paid on a piece-rate basis. Defendant issues Plaintiff and the Proposed Class wage statements that do not properly include number of piece-rate units earned and any applicable piece rate.

46.    Defendants' failure to provide accurate itemized wages statements according to Labor Code § 226(a) was all done on a regular and consistent basis.

47.    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

## VIII.

### THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 221

48.    Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

49.    Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

50.    Plaintiff and the Proposed Class were subject to deductions from their wages by Defendant.

51.    By making these deductions from Plaintiff and the Proposed Class's earned wages, Defendant failed to pay Plaintiff and the Proposed Class all wages, in violation of Labor Code § 221.

52.    As a proximate result of Defendant's violations of Labor Code § 221, Plaintiff and the Proposed Class have been damaged in an amount according to proof at the time of trial.

///

///

///

## IX.

## FOURTH CAUSE OF ACTION

## PLAINTIFF ON BEHALF OF HIMSELF AND THE PROPOSED CLASS

## UNFAIR COMPETITION PURSUANT TO BUSINESS & PROFESSIONS CODE § 17200

53.     Plaintiff, on behalf of himself and the Proposed Class, realleges and incorporates by reference all previous paragraphs.

54.     This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of himself, on behalf of the general public, and on behalf of the Proposed Class, bring this claim pursuant to Business & Professions Code § 17200, *et seq.*  The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed Class.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

55.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

56.     Business & Profession Code § 17200, *et seq.* prohibits unlawful and unfair business practices.

57.     California's wage and hour laws express fundamental public policies.  Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States.  Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

58.     Defendant has violated statutes and public policies as alleged herein.  Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq.*, depriving Plaintiff,

and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

59.    Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et seq.* of the Business & Professions Code.

60.    Defendant, by engaging in the conduct herein alleged, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful.  As such it is a violation of § 17200, *et seq.* of the Business & Professions Code.

61.    As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

62.    Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above.  Pursuant to the Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the proposed Class the money Defendant has unlawfully failed to pay.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff prays for the following relief:

1.    For liquidated damages in the amount of unpaid minimum wages not paid to Plaintiff and each Proposed Class member from at least four (4) years prior to the filing of this action to the present as may be proven;

2.    For compensatory damages in the amount of Plaintiff's and each Proposed Class members' unreimbursed out of pocket expenses as a requirement of employment;

3.    For penalties pursuant to Labor Code § 226(e) for violation of Labor Code § 226(a) in the amount of fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000);

4.    For compensatory damages in the amount of Plaintiff's and each Proposed Class

1    members' earned wages as a result of unlawful deductions;

2        5.      An award of prejudgment and post judgment interest;

3        6.      An order enjoining Defendant and its agents, servants, and employees, and all

4 persons acting under, in concert with, or for it from providing Plaintiff with, meal periods, rest

5 periods, accurate itemized wage statements, and wages upon termination/resignation pursuant to

6 Labor Code §§ 221, 226(a), 2802, and IWC 9-2001;

7        7.      For restitution for unfair competition pursuant to Business & Professions Code

8 § 17200, *et seq.*, including disgorgement or profits, in an amount as may be proven;

9        8.      An award providing for payment of costs of suit;

10        9.      An award of attorneys' fees; and

11        10.      Such other and further relief as this Court may deem proper and just.

12                              **DEMAND FOR JURY TRIAL**

13      Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

14

15 DATED: October 26, 2022            KINGSLEY & KINGSLEY, APC

16

17                            By: _____

18                               Liane Katzenstein Ly
                              Attorneys for Plaintiff BRUCE WILLIAM

19                               BALLINGER and the Proposed Class

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Christina C. Tillman, #258627
   7647 North Fresno Street
3  Fresno, California 93720
   Telephone:    (559) 433-1300
4  Facsimile:    (559) 433-2300

5  Attorneys for Defendant B & B TRANSPORT,
   INC.

6

7

8                    UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  BRUCE WILLIAM BALLINGER, an          District Court Case No.
    individual, on behalf of himself and others
12  similarly situated,                  Sup. Court Case No. 22STCV34391

13             Plaintiff,                **DECLARATION OF CHRISTINA C.**
                                         **TILLMAN IN SUPPORT OF**
14        v.                             **DEFENDANT B & B TRANSPORT,**
                                         **INC.'S NOTICE OF REMOVAL**
15  B & B TRANSPORT, INC.; and DOES 1
    through 50, inclusive,

16

             Defendants.
17

18        I, Christina C. Tillman, declare as follows:

19        1.    I am an attorney licensed to practice law in the State of California including without

20  limitation, before this Court.  I have provided legal services to B&B Transport, Inc. for several years

21  and have worked closely with its Human Resources Department over the years in regards to wage

22  and hour and other employment issues.  I have personal knowledge of the information stated herein

23  except as to matters based on information and belief and as to those matters, I believe them to be

24  true.  If called to testify, I could and would do so competently.

25        2.    The civil  complaint filed by Bruce Ballinger at  paragraph 26 proposes a class

26  defined as:  "All truck drivers who are employed or have been employed by B & B Transport, Inc.,

27  in the State of California who worked one or more pay periods since four (4) years prior to filing of

28  this action to the present."  In connection with the lawsuit filed by Bruce Ballinger, I obtained

1   records from B&B Transport regarding the number of putative class members as defined in the

2   complaint.  The total number of truck drivers is 964 and total number of workweeks exceeds 36,000.

3   Of those individuals, 839 have separated employment.

4       3.    Plaintiff alleges that Defendant failed to reimburse employees for business-related

5   use of their personal mobile phones as well as protective gear (not defined by the complaint).

6   Reimbursement if owed, would be the actual expenses incurred.  Assuming a reimbursement of $10-

7   $20 per week, without conceding that such amount is due and owing and without waiving any

8   arguments Defendant may have in regards to the reasonableness of this amount, potential

9   reimbursement is between $360,000 and $720,000.

10      4.    Plaintiff alleges that Defendant failed to provide accurate, itemized wage statements.

11  Defendant's pay periods are weekly.  The statutory penalty for this alleged violation is $50 for the

12  first pay period and $100 for each additional pay period.   Using a one year statute of limitations

13  period, there are 7,133 work weeks and 265 putative class members at issue.  Assuming a violation

14  every pay period, the penalty would equal $700,050.

15      5.    Although the complaint is generically plead as to the third cause of action, it alleges

16  that Defendant took unlawful deductions and failed to pay all wages due to Plaintiff and the putative

17  class.   Assuming without conceding this to be true, waiting time penalties using an average daily

18  rate of $120 is $3,600 per person, potentially totaling $3,020,000.  The deductions that Plaintiff is

19  claiming were unlawful is not specified in the complaint, but the amount of any such deductions

20  would be recoverable if found to be unlawfully withheld.

21      6.    Plaintiff also seeks to recover attorneys' fees which, if this case is litigated through

22  trial, will most certainly exceed $1,500,000.

23      I declare under penalty of perjury under the laws of the State of California and the United

24  States of America, that the foregoing is true and correct.  Executed this 14th day of December, 2022.

25

26  _____

27  Christina C. Tillman

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

037090-000013 8803653.1

2

DECLARATION OF CHRISTINA C. TILLMAN IN SUPPORT OF DEFENDANT B & B TRANSPORT, INC.'S
NOTICE OF REMOVAL

# EXHIBIT 3

1  McCormick, Barstow, Sheppard,
   Wayte & Carruth LLP
2  Christina C. Tillman, #258627
     *christina.tillman@mccormickbarstow.com*
3  7647 North Fresno Street
   Fresno, California 93720
4  Telephone:    (559) 433-1300
   Facsimile:    (559) 433-2300
5
6  Attorneys for Defendant B & B TRANSPORT,
   INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

| 11 | BRUCE WILLIAM BALLINGER, an individual, on behalf of himself and others similarly situated, | Case No. 22STCV34391 |
|---|---|---|
| 12 | | **DEFENDANT, B & B TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 13 | Plaintiff, | |
| 14 | v. | Assigned for All Purposes to: Hon. William F. Highberger, Dept. 10 |
| 15 | B & B TRANSPORT, INC.; and DOES 1 through 50, inclusive, | Action Filed:    October 26, 2022 Trial Date:    TBD |
| 16 | Defendants. | |
| 17 | | |

18         Defendant B & B TRANSPORT, INC. ("Defendant"), hereby answers and otherwise

19  responds to the Class Action Complaint ("Complaint") filed by Plaintiff BRUCE WILLIAM

20  BALLINGER individually and on behalf of others similarly situated, as follows:

21                              **GENERAL DENIAL**

22         Pursuant to the provisions of California Code of Civil Procedure Section 431.30, subdivision

23  (d), Defendant denies generally and specifically each and every allegation contained in the

24  Complaint.  In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or

25  damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any

26  other conduct or omission on the part of Defendant.

27                      **DEFENSES AND AFFIRMATIVE DEFENSES**

28         Defendant sets forth below its defenses and affirmative defenses.  By setting forth the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

                  DEFENDANT, B & B TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1 | defenses below, Defendant does not assume the burden of proving any facts, issues or elements of

2 | a claim where such burden properly belongs to Plaintiff.  For its defenses and affirmative defenses,

3 | Defendant alleges the following:

### FIRST AFFIRMATIVE DEFENSE

5 | As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint fails to state

6 | facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

8 | As a separate and distinct affirmative defense, Defendant alleges that the Complaint and

9 | each cause of action set forth therein cannot be maintained because, without admitting that any

10 | violation took place, Defendant alleges that any violation of the California Labor Code or the

11 | applicable Wage Order was an act or omission made in good faith in conformity with and in reliance

12 | on regulations, statutes and case law, and that in any participation in such acts, Defendant had

13 | reasonable grounds for believing that the act or omission was not a violation of the law.

### THIRD AFFIRMATIVE DEFENSE

15 | Defendant asserts that Plaintiff and putative class members have been paid and/or received

16 | all wages or other compensation due to them by virtue of their employment.

### FOURTH AFFIRMATIVE DEFENSE

18 | As a separate and distinct defense, Defendant alleges that it issued accurate itemized wages

19 | statements that fully complied with Labor Code Section 226(a), however, if it is found that any

20 | element of Section 226(a) was not complete or accurate, Defendant contends that Plaintiff and

21 | putative class members did not suffer injury or harm.

### FIFTH AFFIRMATIVE DEFENSE

23 | As a separate and distinct affirmative defense, the claims alleged on behalf of putative class

24 | members are barred from this litigation to the extent each of those individuals and Defendant entered

25 | into a valid arbitration agreement that contains a class action waiver.

### SIXTH AFFIRMATIVE DEFENSE

27 | As a separate and distinct defense, Defendant is not liable for any business-related expenses

28 | incurred but not reported by Plaintiff or putative class members, which expenses Defendant did not

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

2

DEFENDANT, B & B TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  know, and had no reason to know of, during the employee's employment.

2  **SEVENTH AFFIRMATIVE DEFENSE**

3  As a separate and distinct defense, the Complaint and each and every cause of action therein,

4  is barred in whole or in part as to any putative class member that entered into any settlement,

5  severance or other agreement with Defendant that included a release of claims.

6  **EIGHTH AFFIRMATIVE DEFENSE**

7  Defendant alleges that any award of penalties sought by Plaintiff would violate the due

8  process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments to the United

9  States Constitution, as well as the due process and excessive fine provisions of the California

10  Constitution.

11  **NINTH AFFIRMATIVE DEFENSE**

12  Defendant denies any liability to Plaintiff, but if any liability shall be found against

13  Defendant, said liability shall not exceed that provided for in the Fair Responsibility Act of 1986,

14  Civil Code § 1431 et. seq.

15  **RESERVATION**

16  Defendant does not presently know all facts concerning the conduct of Plaintiff and his

17  claims sufficient to state all defenses at this time.  The Complaint makes allegations regarding

18  putative class members, however, no class has been certified.  Defendant will seek leave of Court

19  to amend this Answer should it later discover facts demonstrating the existence of additional

20  affirmative defenses or in the event that Plaintiff is able to certify a class or subclasses.

21  **PRAYER**

22  WHEREFORE, Defendant prays for judgment from this Court as follows:

23  1.    Plaintiff take nothing by way of the Complaint;

24  2.    The Complaint be dismissed with prejudice and that judgment be entered against

25  Plaintiff and in favor of Defendant on each cause of action;

26  3.    That Defendant be awarded its costs of suit herein; and

27  4.    Such other and further relief as the Court deems appropriate and proper.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

3

DEFENDANT, B & B TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

2     Dated:  December 14, 2022                    McCORMICK, BARSTOW, SHEPPARD,
                                                    WAYTE & CARRUTH LLP
3

4                                          By:
5                                                     Christina C. Tillman
6                                          Attorneys for Defendant B & B TRANSPORT, INC.

7     037090-000013 8801921.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DEFENDANT, B & B TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

**Ballinger v. B & B Transport, Inc.**
**Case No. 22STCV34391**

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On December 14, 2022, I served true copies of the following document(s) described as **DEFENDANT, B & B TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY ELECTRONIC SERVICE (E-MAIL):** Based on a court order or an agreement of the parties to accept electronic service, my electronic service address is christina.tillman@mccormickbarstow.com, and I caused the document(s) to be sent to the persons at the electronic service address(es) listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 14, 2022, at Fresno, California.

Christina C. Tillman

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

DEFENDANT, B & B TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

2

**SERVICE LIST**
**Ballinger v. B & B Transport, Inc.**
**Case No. 22STCV34391**

3    Eric B. Kingsley                                    *ATTORNEYS FOR PLAINTIFF*
     Liane Katzenstein Ly
4    Jessica Bulaon
     **KINGSLEY & KINGSLEY, APC**
5    16133 Ventura Boulevard, Suite 1200
     Encino, CA 91436
6    Tel: (818) 990-8300
     Fax: (818) 990-2903
7    eric@kingsleykingsley.com
     liane@kingsleykingsley.com
8    jessi@kingsleykingsley.com

9    Emil Davtyan                                        *ATTORNEYS FOR PLAINTIFF*
     **DAVTYAN LAW FIRM, INC.**
10   880 E. Broadway
     Glendale, CA 91205
11   Tel: (818) 875-2008
     Fax: (818) 722-3974
12   emil@davtyanlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6
DEFENDANT, B & B TRANSPORT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT