UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WILLIAM BALLINGER, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>B & B TRANSPORT, INC.,<br><br>Defendant. | Case No.  1:22-cv-01607-ADA-HBK<br><br>ORDER GRANTING PARTIES' JOINT MOTION TO STAY ACTION PENDING MEDIATION<br><br>(Doc. No. 30)<br><br>CLERK TO LIFT STAY ON MARCH 14, 2024 |

This matter comes before the Court upon the Parties' joint stipulated motion to stay this action and/or to continue the class certification deadlines filed August 23, 2023.  (Doc. No. 30). The Parties request the Court to grant a limited stay of this or a continuance of the class certification deadlines so the parties may participate in private mediation.  (*Id*. at 2).  The Parties advise that they have identified Steven Rottman as the mediator and have confirmed a March 8, 2024 mediation date.  (*Id*.).

The court is vested with broad discretion to stay a case.  *Clinton v. Jones*, 520 U.S. 681, 705 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).  As a rule, "stays should not be

indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007).  If a stay is especially long or indefinite, a greater showing is required to justify it and the court must "balance the length of any stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

The Court finds in its discretion that a stay of this action is appropriate and will stay this action so that the Parties may direct their resources and attention to mediation.

Accordingly, it is **ORDERED**:

1. The Parties' joint motion to stay or continue the class certification deadlines (Doc. No. 30) is GRANTED to the extent the Court STAYS this action pending further Order by this Court.

2. In order to preserve judicial economy, as well as to prevent any unnecessary discovery and litigation costs to the parties, all proceedings, including but not limited to written discovery, depositions, and all motions, including the class certification hearing set on July 11, 2024, at 1:00 p.m. in Courthouse 6 before the undersigned, and all related deadlines related to such hearing shall be stayed pending the mediation scheduled for March 8, 2024.

3. The Clerk of Court shall automatically LIFT the STAY on **March 14, 2024**.

4. Within **seven (7) days** of the mediation's conclusion, Plaintiff must report the result of the mediation and confirm attendance of all required persons at mediation.

5. The substance of the mediation is confidential, and no party, lawyer, or other participant may record, or without approval of the Court may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

6. If the Parties settle, a notice of settlement shall promptly be filed with the Court.  *See* Local Rule 160(a).  Dispositional documents are due **no more than twenty-one (21) days** from the filing of the notification, absent good cause.  *See* Local Rule 160(b).

7. If the case does not settle, then the Parties **within fourteen (14) days** of mediation's conclusion shall file a proposed class certification briefing dates.  After reviewing the

proposed class certification dates, the Court will set this matter for a fast-track class certification hearing before the undersigned.

Dated:   August 22, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE